**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COLUMBUS PRESSLEY<br><br>Plaintiff,<br><br>v.<br><br>MANAGEMENT SUPPORT TECHNOLOGY, INC.<br><br>Defendant. | C.A. No. 1:22-cv-02262-RC |

**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff, Columbus Pressley, by counsel, and pursuant to Fed. R. Civ. P. 15, moves for leave to file a Second Amended Complaint. In support of this motion, Plaintiff submits the attached memorandum of points and authorities.

DATED: September 23, 2022

RESPECTFULLY SUBMITTED,

Alan Lescht & Associates, P.C.

/s/ *Jessica N. Greer*

Jessica N. Greer [DC Bar #7588235]
1825 K Street, N.W., Suite 750
Washington, D.C. 20006
Tel: (202) 463-6036
Jessica.greer@leschtlaw.com
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COLUMBUS PRESSLEY<br><br>Plaintiff,<br><br>v.<br><br>MANAGEMENT SUPPORT TECHNOLOGY, INC.<br><br>Defendant. | C.A. No. 1:22-cv-02262-RC |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff, Columbus Pressley, by counsel, states the following in support of his motion for leave to file a Second Amended Complaint:

**BACKGROUND**

1. On or around June 17, 2022, Plaintiff commenced this action against the Defendant, Management Support Technology, Inc., in the Superior Court for the District of Columbia. Electronic Case Filing (ECF) No. 1-1.
2. On August 1, 2022, Defendant removed this action to this Court, the United States District Court for the District of Columbia. ECF No. 1.
3. On August 8, 2022, Defendant filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 3.
4. On August 16, 2022, Plaintiff filed an Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)(1)(B). ECF No. 7. Plaintiff also filed an Opposition to Defendant's Motion to Dismiss. ECF No. 8.
5. On August 30, 2022, Defendant Filed a Motion to Dismiss Plaintiff's Amended Complaint,

pursuant to Fed. R. Civ. P. 12(b)(6).

6. On September 13, 2022, Plaintiff filed a Second Amended Complaint. ECF No. 10. Plaintiff also filed an Opposition to Defendant's Motion to Dismiss. ECF No. 11.
7. Plaintiff erroneously did not seek Defendant's consent before filing.
8. On September 20, 2022, Defendant filed a Reply to Plaintiff's Opposition. ECF No. 12. Defendant also filed a Motion to Strike Plaintiff's Second Amended Complaint. ECF No. 13.
9. Plaintiff seeks to amend the complaint to include additional facts that will clarify some of the alleged deficiencies that Defendant presented in its Motion to Dismiss the Amended Complaint.
10. A copy of the Second Amended Complaint is attached as Exhibit 1.
11. On September 22, 2022, Plaintiff's counsel sought consent from Defendant's counsel for the instant motion but has not received a response at the time of filing.
12. Neither party would be prejudiced by the amendment of Plaintiff's Complaint.

**LEGAL ARGUMENT**

Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave" to a party to amend its pleading "when justice so requires." While the Court has sole discretion to grant or deny leave to amend, leave to amend a complaint "should be freely given in the absence of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies, or futility." *Richardson v. United States*, 193 F.3d 545, 548–49 (D.C. Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182, (1962)); *see also James Madison Ltd. ex rel. Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). The burden is on the defendant to show that leave to file an amended complaint should be denied. *Afram v. United Food & Commercial Workers Unions &*

*Participating Emp'rs Health & Welfare Fund*, 958 F.Supp.2d 275, 278 (D.D.C. 2013).

Plaintiff's Amended Complaint sought to cure the alleged deficiencies addressed in Defendant's Motion to Dismiss. Defendant's Motion to Dismiss the Amended Complaint identifies specific points on which Defendant seeks clarification, particularly regarding which of Mr. Pressley's disabilities resulted in which particular symptom. Plaintiff seeks to make these clarifications so that the case can be properly evaluated on the merits.

Granting Plaintiff leave to file a second amended complaint will not result in any undue delay, as no responsive pleadings have been filed. *See Barkley v. U.S. Marshals Serv. ex rel. Hylton*, 766 F.3d 25, 39 (D.C. Cir. 2014) (reversing the district court's denial of leave to amend, in part because the plaintiff already had raised substantially the same claims, no summary judgment motion had been granted, and no discovery had taken place). Moreover, the few weeks between Plaintiff's initial complaint and his motion for leave do not constitute undue delay. *See, e.g., Jiggetts v. Cipullo*, 285 F. Supp. 3d 156, 162 (D.D.C. 2018) (finding that a two-year delay between the plaintiff's initiation of the suit and his motion for leave to amend did not constitute undue delay).

Lastly, granting Plaintiff leave to file a second amended complaint will not cause undue prejudice to any party. "Undue prejudice is not mere harm to the non-movant but a denial of the opportunity to present facts or evidence which would have been offered had the amendment been timely." *Does I through III v. District of Columbia*, 815 F.Supp.2d 208, 215 (D.D.C. 2011) (internal quotation marks omitted). An amendment is not automatically prejudicial if it causes the non-movant to expend additional resources – any amendment will require some expenditure of resources on the part of the non-moving party. *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 301 F.R.D. 5, 9 (D.D.C. 2013); *see also City of Moundridge v. Exxon Mobil Corp.*, 250 F.R.D. 1, 6–7 (D.D.C. 2008) ("Inconvenience or additional cost to a defendant is not

necessarily undue prejudice."). A court that would deny a plaintiff's leave to amend in a situation merely because of additional discovery or expense would fail to abide by the legal standard of granting leave "freely ... when justice so requires." *Hisler v. Gallaudet Univ.*, 206 F.R.D. 11, 14 (D.D.C. 2002) (quoting Fed. R. Civ. P. 15(a)(2)). Defendant has yet to file its responsive pleading in this case and will not be prejudiced should the Court permit Plaintiff to amend his complaint.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court deny Defendant's Motion to Strike the Second Amended Complaint, and grant Plaintiff's Motion for Leave to File a Second Amended Complaint.

DATED: September 23, 2022

RESPECTFULLY SUBMITTED,

Alan Lescht & Associates, P.C.

/s/ *Jessica N. Greer*
Jessica N. Greer [DC Bar #7588235]
1825 K Street, N.W., Suite 750
Washington, D.C. 20006
Tel: (202) 463-6036
Jessica.greer@leschtlaw.com
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COLUMBUS PRESSLEY<br><br>Plaintiff,<br><br>v.<br><br>MANAGEMENT SUPPORT TECHNOLOGY, INC.<br><br>Defendant. | C.A. No. 1:22-cv-02262-RC |

**PROPOSED ORDER**

Upon consideration of the Plaintiff's Motion for Leave to File a Second Amended Complainant, it is this _____ day of _______________, 2022, ORDERED, that:

Plaintiff's Motion for Leave to File a Second Amended Complaint is GRANTED;

Defendant's Motion to Strike Plaintiff's Second Amended Complaint is DENIED.

_______________________________
U.S. District Court Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2022, I electronically filed with foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following:

David E. Murphy, Esq.
CHARLSON BREDEHOFT COHEN
BROWN & NADELHAFT, P.C. 11260 Roger Bacon Drive, Suite 201
Reston, VA 20190
(703) 318-6800 Telephone
dmurphy@cbcblaw.com
*Counsel for Defendant*

/s/ *Jessica N. Greer*
Jessica N. Greer