**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| COLUMBUS PRESSLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 1:22-cv-02262-RC |
| MANAGEMENT SUPPORT | ) | |
| TECHNOLOGY, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

The Court should deny Plaintiff Columbus Pressley's Motion for Reconsideration ("Pl. Mot.") pursuant to Rule 59(e) because there is no clear error in the Court's opinion [ECF No. 64].

On February 18, 2026, this Court denied Plaintiff's Partial Motion for Summary Judgment and entered judgment as a matter of law in favor of Defendant Management Support Technology, Inc. ("MSTI") [ECF No. 63, Opinion]. The Court found that the evidence "overwhelmingly" indicated that MSTI disciplined Mr. Pressley "due to his inability to perform an essential function of his employment and ultimately terminated him because it believed he had violated security policies." *Id.* at 1-2. Accordingly, the Court held that Mr. Pressley could not meet his burden to show that a reasonable jury could find he suffered discrimination or retaliation in violation of his rights under the Americans with Disabilities Act ("ADA"), the District of Columbia Human Rights Act ("DCHRA"), the Family Medical Leave Act ("FMLA"), or the District of Columbia Family and Medical Leave Act ("DCFMLA"). The Court therefore

granted Defendant's Motion for Summary Judgement and denied Mr. Pressley's partial motion for summary judgment. *Id.*

Mr. Pressley now moves this Court to reconsider its Opinion because, he argues, the Court's opinion contains four manifest legal errors. Specifically, Plaintiff argues that (1) the Court failed to apply controlling legal framework for evaluating who was responsible for the breakdown of the interactive accommodation process; (2) applied the temporal proximity standard in a way that contradicts the standard established by this Court in *Richardson v. Petasis*; (3) failed to evaluate the evidence as an "integrated mosaic"; and (4) failed to reach two legal questions related to whether MSTI received concurrent notice of its obligations under the FMLA and the ADA, and whether the December 11 email constitutes direct evidence of pretext. Pl. Mot. for Recon., 1-2. These arguments are without merit and should be rejected.

## **ARGUMENT**

This Court should deny Plaintiff's Motion for Reconsideration under Rule 59(e) because Plaintiff's arguments fail to identify a single clear error in the Court's opinion. Reconsideration is therefore inappropriate and unnecessary in this case.

Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may move to alter or amend a judgment within 28 days of the judgment's entry. Fed. R. Civ. P. 59(e). Such motions are only warranted in "extraordinary circumstances." *Mohammadi v. Islamic Republic of Iran*, 947 F. Supp. 2d 48, 77 (D.D.C. 2013), *aff'd*, 782 F.3d 9, 414 U.S. App. D.C. 327 (D.C. Cir. 2015). Thus, a district court "need not" grant a Rule 59(e) motion unless "there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758, 370 U.S. App. D.C. 128

2

(D.C. Cir. 2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208, 316 U.S. App. D.C. 152 (D.C. Cir. 1996).

This Court applies a "very exacting standard" when assessing clear error in the context of Rule 59(e) "such that the final judgment must be dead wrong to constitute clear error." *Wannall v. Honeywall*, 2013 U.S. Distr. LEXIS 206664, *6, 2013 WL 12321549, *3 (D.D.C. October 24, 2013) (internal quotation marks omitted); *see also Slate v. Am. Broad. Companies, Inc.,* 12 F. Supp. 3d 30, 35 (D.D.C. 2013) (a clearly erroneous decision must "strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish.").

"[A]lthough courts have considerable discretion in ruling on Rule 59(e) motions, such motions are disfavored, and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Owen-Williams v. BB & T Servs., Inc.*, 797 F. Supp. 2d 118, 124 (D.D.C. 2011) (internal quotation marks omitted). This strict standard protects "both the integrity of the adversarial process in which parties are expected to bring all arguments before the court, and the ability of the parties and others to rely on the finality of judgments." *Brown v. District of Columbia*, 795 F. Supp. 3d 103, 111 (D.D.C. 2025). Rule 59(e), therefore, is not a vehicle to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (citations omitted). "Nor does Rule 59(e) provide a vehicle to express mere disagreement with a judgment. *Id.* (internal quotation marks omitted).

This Court should deny Plaintiff's Motion for Reconsideration because he fails to identify a single error in the Court's opinion. In fact, many of Plaintiff's arguments amount to a bare attempt to relitigate matters this Court has already considered and set forth mere disagreements with the Court's judgment. He is not entitled to relief under Rule 59(e).

1. **There is No Clear Error in the Court's Judgment on Plaintiff's Accommodation and Disability Claims.**

This Court correctly held that Mr. Pressley could not make a prima facie case under the ADA for discrimination or failure to accommodate because the evidence showed he was not a "qualified individual" within the meaning of the statute. Opinion at 10. Specifically, the Court found that evidence of Mr. Pressley's repeated tardiness "reflected that Mr. Pressley was unable to perform the essential duties of his job, even when MSTI ultimately granted him the accommodation that he initially sought." *Id.* Both of Mr. Pressley's claims therefore failed.

Mr. Pressley asks this Court to reconsider its judgment on the grounds that the Court failed to determine which party was responsible for the breakdown in the interactive process. Pl. Mot. at 5. He complains that the Court only briefly addressed the standard in *Ward v. McDonald*, 762 F.3d 24 (D.C. Cir. 2014), which requires the Court to first determine if the employer caused the breakdown before that employer can "then invoke the employee's resulting struggles as proof that no effective accommodation was possible." Pl. Mot. at 5-9.

Mr. Pressley's argument is without merit. This Court has explained time and again that the interactive process "is not an end in itself." *Ali v. Regan*, 111 F.4th 1264, 1274 (D.C. Cir. 2024). Rather, it is a means for determining the available reasonable accommodations that would allow a disabled individual to perform the essential functions of their job. *Id.* "That's why 'there is no independent cause of action for failure to engage in the interactive process,' but instead 'there is only a cause of action for failure to accommodate generally.'" *Harley v. Washington*, 2025 WL 2760469, *19 (D.D.C. 2025) (*quoting Husain v. Power*, 630 F. Supp. 3d 188, 200 (D.D.C. 2022) (collecting cases)). Thus, "there can be no failure to accommodate where no accommodation was available . . . at the relevant time." *Id.*

Here, the Court found that no accommodation was available because, even with accommodations, Mr. Pressley could not perform the essential functions of arriving regularly and being reliably on-site during established core hours. Opinion at 10-15. Because Mr. Pressley could not establish that he was a "qualified individual" under the ADA, it was unnecessary for the Court to address which party was responsible for an alleged breakdown in the interactive process. *See, e.g. Laber v. Hegseth*, 2025 LEXIS 485871, 2025 WL 2977523, *1 (E.D.Va. March 10, 2025) (denying plaintiff's motion for reconsideration because plaintiff was not a "qualified person" and their "claims could not succeed regardless of whether the Court expressly analyzed the remaining elements"). Further, the purpose of the interactive process is to determine the appropriate accommodation which, in this case, was a later start-time. *See* Opinion at 12. Yet, the Court noted that "MSTI ultimately did allow Mr. Pressly to start work later" and that he was still "nonetheless unable to consistently arrive on time for his shift." *Id.* MSTI twice adjusted Mr. Pressley's start-time. Even if these adjustments are not alone evidence of MSTI's good faith participation in the interactive process, MSTI's engagement or lack thereof in the process is immaterial where, as here, Mr. Pressley ultimately received the accommodation he requested. *See id.* at 13 (noting that "an even later start time would not have allowed Mr. Pressley to fulfill his responsibilities"). There was no clear error in the Court's opinion and Plaintiff is not entitled to relief.

**2. There is No Clear Error in the Court's "Close Temporal Proximity" Analysis.**

Mr. Pressley is also wrong that the Court committed clear error when it held that Mr. Pressley's temporal proximity argument did not, alone, establish a direct causal connection between MSTI's adverse actions and his seeking accommodation under the FMLA and the ADA. *See* Pl. Mot. at 9. The Court found that when, as in this case, an employer gives a non-retaliatory

reason for the adverse employment action, the employee must present positive evidence beyond mere proximity to show the prerequisite causal connection. Opinion at 17.

Mr. Pressley disagrees and, in his motion, argues that, under the standard established in *Richardson v. Petasis*, 160 F. Supp. 3d 88, 133-34 (D.D.C. 2015), close proximity alone is sufficient to "establish the requisite causation between protected activity and an adverse employment action." Pl. Mot. at 9. A fair reading of *Richardson* and the other case cited by Mr. Pressley—*Singletary v. District of Columbia*, 351 F.3d 519, 525 (D.C. Cir. 2003) – reveals this to be incorrect.

First, the Court in *Richardson* and *Singletary* never held that close temporal proximity compels the Court to find a causal connection between the protected activity and adverse action. Instead, the Court noted that plaintiffs "*may* establish the requisite causation by showing" that the adverse personnel action took place shortly after the employer became aware of the employee's protected activity. *Richardson*, 160 F. Supp. 3d. at 132 (emphasis added); *see also Singletary*, 351 F.3d at 525 (". . . this circuit has held that a close temporal relationship *may* alone establish the required causal connection") (emphasis added). Thus, while it is possible for an employee to establish a causal connection with evidence of close temporal proximity alone, the Court's language acknowledges that will not be sufficient in every case. The Court rightly held it was not sufficient here. *See* Opinion at 17, 18 ("At best, Mr. Pressley offers weak evidence of temporal proximity," which was insufficient "for a reasonable jury to conclude that MSTI's proffered explanation is a mere pretext.").

Second, under *Richardson*, an inference of retaliation or discrimination is only appropriate based on close temporal proximity when the employer has not offered a legitimate, non-retaliatory justification for the adverse action. *See Richardson*, 160 F. Supp. 3d. at 133-134

("In the absence of a proffered legitimate, non-retaliatory justification, the combination of temporal proximity, uncontested knowledge of protected activity, and the frequency of other alleged materially adverse actions is sufficient to raise an inference of retaliatory motive.").

Here, the Court found that MSTI asserted a legitimate, non-retaliatory reason for its disciplinary actions against Mr. Pressley – namely, his inability to perform the essential functions of arriving to work regularly and on time. Opinion at 12-13. Close temporal proximity is therefore not enough to establish the causation element. In such cases, "[p]ositive evidence beyond mere proximity is required to defeat the presumption that the proffered explanations [for the adverse employment action] are genuine." *Id.* At 17. If it were otherwise, as Mr. Pressley contends, "protected activities would effectively grant employees a period of immunity, during which no act, however egregious, would support summary judgment for the employer." *Id.*

The Court's approach is consistent with both *Richardson* and *Singletary. See Richardson*, 160 F. Supp. 3d. at 133-134; *Singletary*, 351 F.3d at 525 (remanding for determination of whether close temporal relationship supports retaliation claim "in the context of other evidence"). Mr. Pressley's primary complaint seems to be that the Court did not give his temporal proximity argument the weight he believes it deserves. But this is not enough to support reconsideration under Rule 59(e). There was no clear error, and Plaintiff is not entitled to relief.

3. **Plaintiff's Arguments with Respect to *Iyoha* and the Court's Review of the Evidence Constitute Mere Disagreements with the Court's Opinion.**

Mr. Pressley is also not entitled to relief with respect to his next two arguments. He argues (1) that the Court was wrong to conclude he failed to present "positive evidence beyond mere proximity" and (2) that the Court failed to evaluate Mr. Pressley's evidence as part of an "integrated mosaic." Pl. Mot. at 13. Mr. Pressley's arguments are without merit and constitute mere disagreements with the Court's opinion.

A Rule 59(e) motion based on "[m]ere disagreement' with the court's judgment, will not survive scrutiny." *Wannall v. Honeywell Int'l, Inc.*, No. 10-CV-351, 2013 WL 12321549, at \*3 (D.D.C. Oct. 24, 2013) (quoting *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)). Such motions also may not be used to repeat unsuccessful arguments, relitigate old matters, or raise arguments or present evidence that could have been raised before judgment was entered. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008) (citation omitted); *Slate v. Am. Broad. Cos.*, 12 F. Supp. 3d 30, 34 (D.D.C. 2013).

Mr. Pressley first argues that, even under the standard established by the Court citing *Iyoha v. Architect of the Capitol*, 927 F.3d 561, 574 (D.C. Cir. 2019), he proffered sufficient evidence beyond mere proximity. He describes the December 11, 2019 letter, MSTI's alleged shifting rationale for the termination, and an extended period of adverse actions, among other things, as supporting evidence. Pl. Mot. at 12. He argues the Court failed to acknowledge these facts when it concluded that Mr. Pressley failed to "introduce[] anything beyond this weak evidence of temporal proximity." Pl. Mot. at 9.

This argument is a non-starter. Mr. Pressley does not identify a change in controlling law, newly discovered evidence, or a clear error in the Court's opinion. Further, the evidence described by Mr. Pressley was before the Court when it entered its opinion and the arguments that Mr. Pressley makes in support of his claim were available to him before judgment was entered. *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) ("[A] Rule 59(e) motion is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have

been advanced earlier."). Mr. Pressley's argument that the Court should have weighed the evidence differently is not sufficient to form the basis for reconsideration under Rule 59(e).

Equally unavailing is Mr. Pressley's argument that the Court failed to consider the evidence as an "integrated mosaic" to determine if a reasonable jury could infer discrimination. Pl. Mot. at 14. Mr. Pressley again does not identify a change in the law, any newly discovered evidence, or even a clear error. In addition, Mr. Pressley critically does not present any evidence that the Court failed to view and account for all the evidence presented by the parties. In fact, with its extensive references to the record, the Court's opinion strongly suggests otherwise.

Mr. Pressley's primary complaint appears to be with the organization of the Court's opinion. He complains that the "opinion is structured as a series of discrete subsections, each addressed to a different piece of evidence." Pl. Mot. at 14. Yet, regardless of its structure, the Court's opinion contains extensive citations to an entire record of evidence, which "overwhelmingly indicate[d] that MSTI disciplined Mr. Pressley due to his inability to perform an essential function of his employment and ultimately terminated him because it believed Mr. Pressley violated security policies." Opinion at 2. There was no clear error in the Court's judgment. Mr. Pressley is not entitled to relief.

### 4. Plaintiff's Remaining Arguments are Immaterial and Without Merit.

Mr. Pressley's final two arguments do not identify any error in the Court's opinion, much less an error as obvious as "five-week-old, unrefrigerated dead fish" to constitute clear error under Rule 59(e). *Slate,* 12 F. Supp. 3d at 35.

First, Mr. Pressley argues that his right to reasonable accommodation under the ADA was triggered a second time when he submitted his request for leave under the FMLA. Pl. Mot. at 15-16. The Court, he argues, should have therefore evaluated the facts under both the

FMLA's temporal proximity doctrine and the ADA's framework for accommodation-related retaliation. Pl. Mot. at 16. Instead, the Court "analyzed the FMLA and ADA claims on entirely separate tracks without considering whether, on these specific facts, the FMLA filing gave MSTI concurrent and compounding notice of its ADA obligations." *Id.*

This argument is without merit because it is plainly wrong. Rather than analyzing the claims on "entirely separate tracks" as Mr. Pressley alleges, the Court in fact analyzed the claims together after noting that retaliation claims under the ADA and the FMLA were both analyzed under the *McConnell Douglas* burden-shifting framework. *See* Opinion at 18-19 (analyzing both claims under Section IV.C heading, "ADA, FMLA, and DCFMLA Retaliation Claims: Termination").

In addition, Mr. Pressley's argument that his FMLA request triggered protections under the ADA is immaterial. He argues that, under *Waggel v. George Wash. Univ.*, 957 F.3d 1364, 1373 (D.D.C. 2020), the Court should have considered whether his FMLA request satisfied the notice requirements of the ADA. But he fails to explain how such an analysis would have changed the outcome of this case, particularly when, as here, the Court noted that summary judgment under both the ADA and the FMLA required the employee to "put forward enough evidence to defeat the [employer's] proffer and support a finding of retaliation." Opinion at 19. The Court reviewed more than just the evidence in support of Mr. Pressly's temporal proximity argument and found that "[n]one of Mr. Pressley's assertions, however, are reasonably supported by the record." *Id.* There was no clear error in the Court's opinion and Mr. Pressley's argument to the contrary is immaterial.

There was also no clear error in the Court's holding that the December 11, 2019 email did not constitute evidence of pretext. Opinion 25. The Court acknowledged that, on

December 11, 2019, MSTI considered terminating Mr. Pressley for poor performance. The Court found, however, that Mr. Pressly had failed to present any "evidence suggesting that MSTI terminated him on that basis or ever relied on poor performance as the reason for his termination." *Id.* Mr. Pressley responds that the Court "mischaracterized" his argument insofar as his point was that the December 11 email was evidence that MSTI had already decided to terminate him before the security violation arose. Pl. Mot. at 17.

This argument is without merit as it merely exhibits Mr. Pressley's disagreement with the Court's opinion. It does not describe a clear error in the Court's judgment and therefore does not support reconsideration. *See Ashbourne v. Hansberry*, 2025 WL 548315, at *2 (D.D.C. Feb. 19, 2025) (a Rule 59(e) motion "that repeats unsuccessful arguments or is made based on mere disagreement with the court's judgment, will not survive scrutiny") (cleaned up). The Court discussed the December 11 email in its Opinion and acknowledged Mr. Pressley's position that the email was evidence of pretext. Mr. Pressley's main complaint now is that the Court did not give the email the weight he believes it deserves. This is not an appropriate basis for reconsideration under Rule 59(e). His request for such relief must accordingly be denied.

Furthermore, in support of his position, Mr. Pressley makes arguments and presents facts that could have been presented to the Court before judgment was entered in this case. A Rule 59(e) motion for reconsideration is not the place to restate facts already in the record or to clarify arguments in prior briefing as he seeks to do here.

**CONCLUSION**

Plaintiff Columbus Pressley has not identified a clear error in the Court's Opinion, and

his Motion for Reconsideration Under Rule 59(e) must accordingly be denied.


March 31, 2026                              Respectfully submitted,


                                           */S/ JOYCELYN S. PEYTON*
                                           Carla D. Brown, DC Bar No. 474097
                                           Joycelyn S. Peyton, DC Bar No. 1018225
                                           cbrown@cbcblaw.com
                                           jpeyton@cbcblaw.com
                                           CHARLSON BREDEHOFT COHEN
                                            BROWN & NADELHAFT, P.C.
                                           11260 Roger Bacon Drive, Suite 201
                                           Reston, Virginia 20190
                                           (703) 318-6800 Telephone
                                           (703) 318-6808 Facsimile
                                           *Counsel for Defendant,*
                                           *Management Support Technology, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2026, I electronically filed with foregoing with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following:

Donald Quinn, Esq.
Quinn Patton L.C.
846 Ritchie Highway, Suite 2A
Severna Park, Maryland 21146
(443)-247-5444
donquinn@quinnpatton.com
*Counsel for Plaintiff, Columbus Pressley*

/S/ JOYCELYN S. PEYTON
Joycelyn S. Peyton, DC Bar No. 1018225
jpeyton@cbcblaw.com
CHARLSON BREDEHOFT COHEN
 BROWN & NADELHAFT, P.C.
11260 Roger Bacon Drive, Suite 201
Reston, Virginia 20190
(703) 318-6800 Telephone
(703) 318-6808 Facsimile
*Counsel for Defendant,*
*Management Support Technology, Inc.*

13